# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
## No. 18-1132V
(not to be published)

---

VIOLET J. BARINO,

                Petitioner,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

                Respondent.

Chief Special Master Corcoran

Filed: October 31, 2019

Special Processing Unit (SPU);
Attorney's Fees and Costs

---

*William P. Hatfield, Hatfield Temple, LLP, Florence, SC, for Petitioner.*

*Ida Nassar, U.S. Department of Justice, Washington, DC, for Respondent.*

## DECISION ON ATTORNEY'S FEES AND COSTS[1]

On August 2, 2018, Violet J. Barino, ("Petitioner"), filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that she suffered a shoulder injury related to vaccine administration ("SIRVA") as a result of a February 3, 2017 pneumococcal conjugate vaccine. (Petition at 1). On August 20, 2019, then-Chief Special Master Dorsey issued a decision awarding compensation to Petitioner based on the Respondent's proffer. (ECF No. 36).

---

[1] Although I have not designated this Decision for publication, it will be made available on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Petitioner has now filed a motion for attorney's fees dated August 21, 2019, requesting a total award of $18,884.78, consisting of $15,277.75 in fees and $3,607.03 in costs. (ECF No. 39).   In compliance with General Order #9, Petitioner filed a signed statement indicating that Petitioner incurred no out-of-pocket expenses. (ECF No. 41). Respondent reacted to the motion on September 19, 2019 indicating he is satisfied the statutory requirements for an award of attorney's fees and costs are met in this case and deters to the Court's discretion to a reasonable award for attorney's fees and costs to be awarded. (ECF No. 44). Petitioner did not file a reply thereafter.

For the reasons set forth below, I hereby GRANT Petitioner's motion in part, awarding final attorney's fees in the amount of **$13,674.75**.

## ANALYSIS

The Vaccine Act permits an award of reasonable attorney's fees and costs. § 15(e).  Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service.  *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008).  Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary."  *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).  It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done."  *Id.* at 1522.  Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond.  *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009).  A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees.  *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred."  *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. at 482, 484 (1991).  She "should present adequate proof [of the attorneys' fees and costs sought] at the time of the submission."  *Id.* at 484 n.1.  Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission."  *Hensley*, 461 U.S., at 434.

## ATTORNEY FEES

Petitioner requests the rate of $295 per hour for all time billed by her attorney William Hatfield and $65.00 per hour for time billed by paralegal Jennifer Lisandrelli. (ECF No. 39 at 2).  Mr. Hatfield has been a licensed attorney in the state of South Carolina since 1977.  (*Id.* at 1).  I find the requested rates reasonable and award them herein.

Billing records submitted from Mr. Hatfield contain multiple entries that are vague, and the relevance of the tasks performed is not apparent.  Special Masters have previously decreased awards of attorney's fees for vagueness.  *See, e.g., Mostovoy v. Sec'y of Health & Human Servs.,* No. 02-10V, 2016 WL 720969 (Fed. CL. Spec. Mstr. Feb. 4, 2016); *Barry v. Sec'y of Health & Human Servs.,* No. 12-39V, 2016 WL 6835542 (Fed. Cl. Spec. Mstr. Oct. 25, 2016) (reduced a fee award by 10 percent due to vague billing entries).  An application for fees and costs must sufficiently detail and explain the time billed so that a special master may determine, from the application and the case file, whether the amount requested is reasonable. *See, e.g., Bell v. Sec'y of Health & Human Servs.,* 18 Cl. Ct. 751, 760 (1989); *Rodriguez v. Sec'y of Health & Human Servs.,* 2009 WL 2568468 (Fed. Cl. Spec. Mast. June 27, 2009).  Petitioner bears the burden of documenting the fees and costs claimed.  *Id.* at *8.  Examples of vague billing entries include multiple line items listed as; "review of medicals"; "review of correspondence"; "review of pleadings", "update pleadings" and "email to opposing counsel".  (ECF No. 39-4 at 1-4).

Mr. Hatfield states in his affidavit that when he first took Petitioner's case, he "believed that her case was a medical malpractice claim and certain of the hours set forth in the statement of hours and costs are attributed to investigation of that claim." (ECF No. 39-1 at 1) but medical malpractice claims are outside the scope of Vaccine Program litigation.  Time spent assisting Petitioner on other legal matters, although they may stem from the same injury that is the cause of this litigation, are not "incurred in any proceeding on such petition" as contemplated by 42 U.S.C. § 300aa-15(e) and is non-compensable.  Thus, I cannot compensate Petitioner for any of the time billed by Mr. Hatfield related to a potential medical malpractice claim.  However, due to the vague nature of the billing entries, it is difficult to determine which tasks were associated with what would have been the medical malpractice claim and which tasks were associated with the vaccine claim, prior to the petition being field in August 2018.

For the reasons listed above, I find that an overall reduction of the request for attorney fees by 20 percent to be reasonable. This results in an overall reduction of **$3,055.55**.

3

## ATTORNEY COSTS

Like attorney's fees, a request for attorney's costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.,* 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests a total reimbursement of costs in the amount of $3,607.03, which includes charges for medical records, filing the petition, and postage charges. Upon review of the request for attorney costs, supporting documentation for the requests for costs was not provided. On August 23, 2019, then-Chief Special Master Dorsey filed an order requesting the supporting documentation be provided. (ECF No. 40). On August 29, 2019, Mr. Hatfield filed the requested supporting documentation. (ECF No. 43). However, I find it necessary to reduce the request for the reasons listed below.

Petitioner requests reimbursement in the total of $728.20 for attorney costs. Upon review of the documentation provided in support of costs, Mr. Hatfield submitted $697.55 in receipts and other supporting documentation to support the request for attorney's costs. (ECF No. 39 – 2 at 5). A request for attorney's costs cannot reimbursed without supporting documentation. *See* Guidelines for Practice Under the National Vaccine Injury Compensation Program at 71. Petitioner's request for attorney's costs is reduced by **$30.65**, for the costs in which supporting documentation was not provided.

Petitioner requests $716.00 in attorney costs listed as "filing fee." (ECF No. 39 – 2 at 5). Upon review of the documentation submitted in response to the order filed on August 23, 2019, two are for items regarding admission to practice in the U.S. Court of Federal Claims. These include a payment to the Supreme Court of South Carolina for $25 for a certificate of good standing as well as admission fees for the U.S. Court of Federal Claims. (ECF No. 43 at 2, 3). The cost for admission to the United States Court of Federal Claims Bar is non-compensable. *Raymo v. Sec'y of Health & Human Servs.,* 2016 WL 7212323, at *24 (denying costs associated with obtaining counsel's certificate of good standing from the State Supreme Court); *Ceballos v. Sec'y of Health & Human Servs.,* No. 99-97V, 2004 WL 784910, at *15 (Fed. Cl. Spec. Mstr. Mar. 25, 2004) (the admission fee for the USCFC bar is not recoverable). There is a discrepancy of $10.00 from the amount requested in Petitioner's motion and the documentation provided. Reimbursement for these costs is denied and the request for costs listed as "filing fee" is reduced by **$326.00**. The cost of $400.00 for filing the petition in the Court of Federal Claims will be reimbursed.

Petitioner is seeking reimbursement for "life care planning" services provided by Audrey Rabon Holmes, BSN, RN. (ECF No. 39-2 at 5). The invoice submitted by Petitioner's counsel lists Ms. Holmes' profession as a legal nurse consultant and the

4

services performed were reviewing records and preparation of an affidavit in June 2018. (ECF No. 43 at 25). The record does not indicate that an affidavit was filed by Ms. Holmes, or that her record review services were necessary in this matter as the invoice states that her services were for the case of "Violet Barino [vs.] Walgreens". *Id.* Just as with attorney fees, costs associated with civil claims are not compensable in the Vaccine Program. In addition, counsel for Petitioner was made aware that if any expert was to be utilized, the Court and Respondent's counsel would need to be made aware prior to the expert being retained. (ECF Nos. 7, 30 and 34). The request for costs associated with services preformed by Ms. Holmes is denied. This reduces the request by **$875.00**.

Petitioner also requests attorney costs in the amount of $922.83 listed under "soft cost advances". (ECF No. 39-2 at 5). These include costs listed at "color photography", "copy charges", initial administrative fee", postage, scanning, and "telephone charges – long distance." Per the order filed on August 23, 2019 requesting all supporting documentation for all costs requested, Petitioner's counsel failed to provide any invoices, receipts or explanation in support of these requested costs. The request for reimbursement for the costs listed as "soft costs" is denied.

## CONCLUSION

Accordingly, I **GRANT IN PART** Petitioner's motion for attorney fees and costs and award the total of **$13,674.75**[3] as a lump sum in the form of a check jointly payable to Petitioner and her counsel **William P. Hatfield**.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGEMENT** in accordance to this motion.[4]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[3] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.,* 924 F.2d 1029 (Fed. Cir.1991).

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.